DAVID G. GILFILLAN
CARELLA, BYRNE, BAIN, GILFILLAN,
 CECCHI, STEWART & OLSTEIN
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
Attorneys for Plaintiff,
Supreme Oil Company, Incorporated

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPREME OIL COMPANY, INCORPORATED, | CIVIL ACTION NO.: _____ |
| Plaintiff, | *Civil Action* |
| vs. | **COMPLAINT AND JURY DEMAND** |
| SIROB IMPORTS, INC. and JOHN DOES 1-10, | |
| Defendants. | |

Plaintiff, Supreme Oil Company, Incorporated ("Supreme Oil"), by way of Complaint against Defendant, Sirob Imports, Inc. ("Sirob") and John Does 1-10, says:

### JURISDICTION AND VENUE

1.     This action is for false designation of origin, false advertising, and unfair competition involving claims arising under the Trademark Act of the United States, commonly known as the Lanham Act 15 U.S.C. §§ 1051 *et seq.*; deceptive practices and violations of the New Jersey Consumer Fraud Act; violations of the New Jersey unfair competition laws; state common law trade dress infringement and common law unfair competition.

2.     This Court has jurisdiction pursuant to 15 U.S.C. §§ 1121 and 1125(a), and 28 U.S.C. §§ 1331, 1338 and 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

4.     Supreme Oil is a Delaware corporation with its principal place of business in Englewood, New Jersey. Supreme Oil is a privately held supplier of cooking oil and edible oil based products with sales across the United States and abroad.

5.     Sirob, upon information and belief, is a New York corporation with its principal place of business in Lindenhurst, New York. Sirob is in the business of importing, manufacturing, distributing and exporting a large line of food products, including ABRUZZO "Pomace Olive Oil."

6.     Defendants John Does 1-10 are persons or entities whose true identities and capacities are unknown to Supreme Oil at this time. Upon information and belief, each of the said fictitiously named defendants is responsible in some manner for the events and happenings herein referred, has proximately caused damages to Supreme Oil, and is liable by reason of the facts alleged herein.

## FACTS COMMON TO ALL COUNTS

7.     Supreme Oil is the owner of the following United States Trademark Registration for the mark DIVO (the "Mark"): (A copy of this registration is attached hereto as Exhibit A):

| REG NO: | GOODS: | DATE OF FIRST USE: | DATE REGISTERED: |
|---------|--------|---------------------|-------------------|
| 1725975 | "edible oils" | January 1, 1945 | October 20, 1992 |

8.     Supreme Oil has used the Mark in commerce continuously since 1945 in connection with its edible oil products. The Mark has been advertised and used throughout the United States since January 1, 1945, and through widespread and favorable public acceptance and recognition, the Mark is an asset of substantial value as a

2

symbol of Supreme Oil, its quality products and its good will. The Mark has always been used on products of the highest quality, and has, along with the configuration and coloring of its label, developed secondary meaning and significance in the minds of the purchasing public, and products bearing the Mark and the aforesaid configuration are famous and are immediately identified by the purchasing public with Supreme Oil. (A copy of the Specimen filed with the United States Patent and Trademark Office in connection with the Mark depicting the distinctive configuration and coloring of the label is attached hereto as Exhibit B).

9. This registration of the Mark is incontestable and in full force and effect, and the Mark and good will relating to the use of the Mark has never been abandoned.

10. From at least as early as 1945, Supreme Oil has used the Mark and a distinctive trade dress in connection with edible oils, as can be seen from the label attached in Exhibit B. Supreme Oil's label, originally designed by the founder of Supreme Oil, is inherently distinctive and unique. Supreme Oil's label is brightly colored in yellow, green, blue, and red colors. It consists of a green and yellow border vertically along the sides of the label, with a white banner centrally located, which prominently displays the Mark. The banner unfurls down toward the lower right hand corner. The banner unfurls to present three panels, the top panel displaying the Mark, the second panel displaying the word SUPREME and the third panel displaying the word QUALITY. To the left, underneath the word mark is a circular seal, designed to resemble a flower, amidst green foliage. Beneath these design features is a rectangle which denotes the composition of the oil.

11. Upon information and belief, Sirob is involved in advertising, promoting, marketing, and selling into the U.S. market edible oils under the term ABRUZZO with

virtually the same colors, background, and same layout as the trade dress depicted in connection with Supreme Oil's product. (A photograph of at least one of said products is attached hereto as Exhibit C).

12.     Sirob's ABRUZZO oil is labeled with yellow, green and red colors. It consists of a green and yellow border vertically along the sides of the label, with a red and white banner centrally located, which prominently displays the mark. The banner unfurls down toward the lower right hand corner. The banner unfurls to present three panels, the top panel displaying the geographical designation ABRUZZO, the second panel displaying the word PREMIUM and the third panel displaying the word QUALITY.     To the left, underneath the word mark is a circular seal, amidst foliage. Beneath these design features is a rectangle which denotes the composition of the oil.

13.     Upon information and belief, John Does 1-10 are also involved in the advertising, promoting, marketing and selling into the U.S. market, and/or distribution of edible oils under the term ABRUZZO with virtually the same colors, background, and same layout as the trade dress depicted in connection with Supreme Oil's product, and personally directed and acted to effectuate the infringement and misleading advertising complained of herein.

14.     Supreme Oil's product and its product configuration and trade dress, and Sirob's product and its product configuration and trade dress are strikingly similar.

15.     Upon information and belief, Sirob and John Does 1 – 10 were and are well aware of Supreme Oil's Mark and the configuration and trade dress of Supreme Oil's product.

4

16. Upon information and belief, as of the date of this lawsuit, Sirob continues to sell and distribute in commerce in the United States its ABRUZZO designated edible oil under the trade dress misappropriated from Supreme Oil.

17. Upon information and belief, Sirob's ABRUZZO designated edible oil does not originate from the Abruzzo region in Italy.

18. The primary significance of the term ABRUZZO is generally known to consumers to be an olive-producing region of Italy.

19. The relevant public is likely to believe that oil branded with the name ABRUZZO originate in this well known oil-producing region, and likely to understand an association between the location and the goods.

20. Sirob's product branded with the term ABRUZZO is geographically deceptive and geographically deceptively misdescriptive and thus misleading to consumers, as affiliation of the goods to this region would materially impact consumers' decision to purchase a particular olive oil. In fact, Defendant Sirob filed a U.S. trademark application, Serial No. 76/645188, on August 18, 2005 for the term abruzzo in connection with oil products, which was refused registration because the mark was found to be geographically deceptive and geographically deceptively misdescriptive.

21. The edible oil sold by Sirob under the misappropriated trade dress is labeled "Pomace Compound Oil". A description of ingredients includes the wording "all natural pomace compound oil made from 90% refined lear oil which is enriched with 10% extra virgin olive oil".

22. Sirob further identifies the product at issue here in advertising and/or promotional materials as "Abruzzo Pomace Olive Oil NET: 3 lit 1 gal. This is a blend of

refined pomace oil and virgil [sic] oil. Pomace oil is often used for certain kinds of cooking in restaurants."

23. Pomace is the byproduct left over from natural fruit after pressing the fruit to mechanically remove liquid. "Pomace … .Oil" and "Pomace Olive Oil" is oil produced by further processing of Pomace. Lear oil is oil produced from seeds, not fruit. Virgin Olive Oil is olive oil produced directly by the mechanical pressing operation. It is expressly false to use "Pomace" to describe any oil produced from anything other than fruit, it is expressly false to refer to virgin olive oil as Pomace and it is expressly false to refer to an oil containing lear oil as "Pomace Olive Oil." Further, in the context of edible oils, "Pomace … Oil" is generally used to refer to an olive oil produced from olive Pomace. When an oil is identified as being Pomace oil, and is not olive Pomace oil, there is a likelihood of confusion of purchasers.

24. Sirob's conduct and packaging is likely to cause mistake or to deceive consumers and purchasers into associating Sirob's inferior product with Supreme Oil's and impair the perception of high quality that consumers associate with Supreme Oil's products. These associations and inferences have injured and will continue to injure Supreme Oil both financially and irreparably, so long as the conduct continues.

## COUNT ONE

### (Lanham Act – False Labeling)

25. Supreme Oil re-alleges and incorporates paragraphs 1-24 as if fully set forth herein.

26. At least as early as 2009 and continuing to date, Sirob used false and misleading descriptions of fact in labeling its product, which are likely to cause confusion, cause mistake, and deceive consumers as to the origin, sponsorship, or

6

approval of its products, shipped in interstate commerce in violation of 15 U.S.C. §1125(a)(1)(A).

27.     The aforementioned false labeling directly resulted in injury to Supreme Oil, including, but not limited to, lost profits.  Unless restrained, Sirob's acts will further cause Supreme Oil to sustain irreparable damage, loss and injury, for which Supreme Oil has no adequate remedy at law.

## COUNT TWO

### (Lanham Act – False Advertising)

28.     Supreme Oil re-alleges and incorporates paragraphs 1 through 27 as if fully set forth herein.

29.     At least as early as 2009 and continuing to date, Sirob, in commercial advertising and promotion misrepresented the nature, characteristics, and qualities of its "Pomace Compound Oil" which were produced for sale in interstate commerce in violation of 15 U.S.C. § 1125 (a)(1)(B).

30.     The aforementioned false and misleading descriptions and misrepresentations of fact and false advertising directly resulted in injury to Supreme Oil, including, but not limited to, lost profits.  Unless restrained, Sirob's acts will further cause Supreme Oil to sustain irreparable damage, loss and injury, for which Supreme Oil has no adequate remedy at law.

## COUNT THREE

### (Lanham Act – Geographically Deceptively Misdescriptive)

31.     Supreme Oil re-alleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

32.     At least as early as 2009 and continuing to date, Sirob, in commercial advertising and promotion, misrepresented the geographic origin of its ABRUZZO designated oil, which was produced for sale in interstate commerce in violation of 15 U.S.C. § 1125 (a)(1)(B).

33.     The aforementioned false and misleading descriptions and misrepresentations of fact and geographic deception directly resulted in injury to Supreme Oil, including, but not limited to, lost profits.  Unless restrained, Sirob's acts will further cause Supreme Oil to sustain irreparable damage, loss and injury, for which Supreme Oil has no adequate remedy at law.

## COUNT FOUR

### (Lanham Act – Federal Trade Dress Infringement)

34.     Supreme Oil re-alleges and incorporates paragraphs 1 through 33 as if fully set forth herein.

35.     At least as early as 2009 and continuing to date, Sirob, in interstate commerce has sold its ABRUZZO designated oil, with the infringing trade dress described above, which creates a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Sirob's goods with those of Supreme Oil, or as to the origin, sponsorship, or approval of Sirob's goods by Supreme Oil in violation of 15 U.S.C. § 1125 (a)(1)(A).  Sirob's conduct is likely to induce consumers and others to believe, contrary to fact, that the goods of Sirob are affiliated, associated, sponsored, sold or approved by Supreme Oil when in fact they are not.

36.     Sirob's adoption and use of Supreme Oil's distinctive trade dress constitutes trade dress infringement and willful violations of 15 U.S.C. § 1125(a)(1)(A).

37.   The aforementioned infringing acts directly resulted in injury to Supreme Oil, including, but not limited to, lost profits.   Unless restrained, Sirob's acts will further cause Supreme Oil to sustain irreparable damage, loss and injury, for which Supreme Oil has no adequate remedy at law.

## COUNT FIVE

### (Common Law Trade Dress Infringement)

38.   Supreme Oil re-alleges and incorporates paragraphs 1 through 37 as if fully set forth herein.

39.   Sirob's unauthorized use in commerce of Supreme Oil's distinctive trade dress is likely to result in confusion, deception or mistake and therefore constitutes an infringement of Supreme Oil's trade dress pursuant to the laws of New Jersey.

40.   Sirob has used, and is continuing to use, Supreme Oil's distinctive trade dress with full knowledge of Supreme Oil's prior rights in its name and design, and such continuing use is therefore with an intent and purpose to trade upon the good will of Supreme Oil's name and distinctive design.   Sirob's infringement is thus willful and deliberate, and Supreme Oil has suffered direct injury as a result.   Unless restrained, Sirob's acts will further cause Supreme Oil to sustain irreparable damage, loss and injury, for which Supreme Oil has no adequate remedy at law.

## COUNT SIX

### (New Jersey Unfair Competition)

41.   Supreme Oil re-alleges and incorporates paragraphs 1 through 40 as if fully set forth herein.

42.   Sirob's unfair methods of competition and unfair deceptive trade practices as described above violate N.J.S.A. 56:4-1 *et seq.*, as Sirob is a merchant and a

corporation which has misappropriated Supreme Oil's brand, reputation and goodwill, and has caused Supreme Oil as well as consumers to be injured.  Unless restrained, Sirob's acts will further cause Supreme Oil to sustain irreparable damage, loss and injury, for which Supreme Oil has no adequate remedy at law.

## COUNT SEVEN

### (Violation of New Jersey Consumer Fraud Act)

43.    Supreme Oil re-alleges and incorporates paragraphs 1 through 42 as if fully set forth herein.

44.    As set forth above, Sirob engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentation and knowing concealment or omission of material facts with the intent that others rely on such, in connection with the sale and advertisement of its edible oil, in violation of the laws of New Jersey.

45.    This conduct violated the rights of Supreme Oil, as set forth under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*

46.    Supreme Oil has suffered and continues to suffer injury as a direct result of Sirob's wrongful conduct.  Unless restrained, Sirob's acts will further cause Supreme Oil to sustain irreparable damage, loss and injury, for which Supreme Oil has no adequate remedy at law.

## COUNT EIGHT

### (Common Law Unfair Competition)

47.    Supreme Oil re-alleges and incorporates paragraphs 1 through 46 as if fully set forth herein.

48.     Sirob's unfair methods of competition and unfair and deceptive trade practices as described above constitute common law unfair competition as they create a likelihood of confusion, mistake or deception as to the affiliation, connection, or association of the Sirob's goods with Supreme Oil's or as to the origin, sponsorship or approval of Sirob's goods or commercial activities.

49.     Sirob's unfair methods of competition and unfair and misleading trade practices and advertising as described above were willful and with the intent to deceive or mislead the public, and have caused and are causing unfair injury to Supreme Oil in violation of New Jersey unfair competition laws for which Supreme Oil is entitled to relief.   Unless restrained, Sirob's acts will further cause Supreme Oil to sustain irreparable damage, loss and injury, for which Supreme Oil has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Supreme Oil prays for judgment as follows:

1.     Supreme Oil has a distinctive trademark and trade dress, continuously used since long prior to Sirob's use and has been injured by the wrongful acts of Sirob.

2.     Sirob has violated the false labeling, false advertising and false designation and origin provisions of the Lanham Act, and is enjoined as follows:

> a. Sirob, its directors, officers, agents, servants, representatives, employees, successors and assigns and all others acting active concert or participation with it, is jointly and severally, preliminarily and then permanently, restrained and enjoined from:

      i.  Marketing, advertising, displaying, selling, offering for sale, or distributing products related to those of Supreme Oil containing the false or misleading labeling;

      ii.  Representing or promoting to consumers or other purchasers that any product contains pomace oil when it does not contain olive pomace oil;

      iii.  Representing or promoting to consumers or other purchasers that any product containing anything other than olive oil is, or contains 100% olive oil;

      iv.  Representing or promoting to consumers or other purchasers that any product containing lear oil or any other oil produced from seed, legumes, nuts, or any thing other than fruit, is pomace oil; and

      v.  Using the Abruzzo term for any product that does not originate from Abruzzo, Italy, and retain its characteristics at the time of sale.

b.  Sirob destroy all packaging, advertising and promotional materials of any kind bearing "Pomace Compound Oil", "Pomace" or "Abruzzo".

c.  Sirob recall all of its "Pomace Compound Oil", "Pomace" and "Abruzzo" already sold and distributed.

d.  Sirob, its directors, officers, agents, servants, representatives, employees, successors and assigns and all others acting active concert or participation with it, is jointly and severally, preliminarily and then permanently, restrained and enjoined from:

    i.   Marketing, advertising, displaying, selling, offering for sale or distributing products related to those of Supreme Oil under the distinctive trade dress or is so similar thereto as to be likely to cause confusion, mistake or deception with Plaintiff's trade dress;

    ii.   Otherwise infringing Supreme Oil's distinctive trade dress;

    iii.   Engaging in any other or further acts of unfair competition against Plaintiff;

    iv.   Engaging in any deceptive trade practices in the offering of goods under Supreme Oil's distinctive trade dress or any other variation or simulation thereof; and

    v.   Engaging in any deceptive business practices in the offering of goods under Supreme Oil's distinctive trade dress or any other variation or simulation thereof.

e.   Using any of the term, designation or dress as meta tags, search optimization items or otherwise upon the Internet, or in directing Internet traffic searching for pomace oil, olive oil or product from Abruzzo to Sirob or its representatives, when Sirob's product is not authentic and having accurate origin.

f.   Otherwise using or infringing any trademark or trade dress of Supreme Oil or from adopting or using confusingly similar marks, terms, dress, art or designations thereto, unfairly competing with Plaintiff, or diluting the distinctiveness of Supreme Oil's marks or dress associated with its products, or Supreme Oil's distinctive uses thereof, or its trade

dress or package designs or injuring Supreme Oil's business reputation in any manner.

g.  Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of Supreme Oil's goods or services associated with its goods or as to affiliation, connection or association of them with, or approval of them by Supreme Oil, or engaging in conduct tending to create a false commercial impression of Sirob's products, services, or any other conduct which similarly creates a likelihood of confusion, misunderstanding or false representation.

3.     Pursuant to 15 U.S.C. § 1117 Supreme Oil is awarded the profits secured by Sirob as a result of Sirob's unlawful activities complained of herein, and that said award be trebled as provided by law or in the alternative that Supreme Oil be awarded statutory damages in an amount determined by the Court for willful use of an infringing mark; Plaintiff is further entitled to recover its own actual damages and lost profits, and the costs of the action.

4.     Supreme Oil is awarded increased, exemplary, enhanced and punitive damages in such amount as the Court shall find sufficient to deter Sirob's willful unlawful conduct.

5.     Supreme Oil is awarded its costs incurred in this action, including its attorneys' fees.

6.     Sirob shall pay the monetary amounts so awarded.

7.     Sirob shall file with this Court and serve upon Supreme Oil within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Sirob's compliance with the Court's order.

8.     Supreme Oil have such other and further relief at law or in equity as is warranted by the facts established at trial or which this Court may deem as just and equitable.

## JURY DEMAND

Supreme Oil hereby demands a trial by jury on all issues so triable.

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Attorneys for Plaintiff,
Supreme Oil Company, Incorporated

By:_____/s/ David G. Gilfillan_____
        DAVID G. GILFILLAN, ESQ.

Dated:  December 30, 2009

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN
Attorneys for Plaintiff,
Supreme Oil Company, Incorporated

By:_____/s/ David G. Gilfillan_____
        DAVID G. GILFILLAN, ESQ.

Dated:  December 30, 2009

#386086 v2

# EXHIBIT A

Int. Cl.: 29

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Corrected

Reg. No. 1,725,975
Registered Oct. 20, 1992
OG Date June 11, 1996

## TRADEMARK
## PRINCIPAL REGISTER

### DIVO

SUPREME OIL COMPANY (DELAWARE
 CORPORATION)
80 SOUTH DEAN STREET
ENGLEWOOD, NJ 07631

FOR: EDIBLE OILS, IN CLASS 29 (U.S.
CL. 46).
 FIRST USE 1-1-1945; IN COMMERCE
1-1-1945.

 SER. NO. 74-172,292, FILED 6-3-1991.

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on June 11, 1996.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# EXHIBIT B















# EXHIBIT C



# POMACE
*Compound Oil*

**ABRUZZO**

PREMIUM

QUALITY

ENRICHED
WITH
EXTRA
VIRGIN
OLIVE OIL

*ALL NATURAL POMACE
COMPOUND OIL MADE FROM
90% REFINED LEAR OIL
WHICH IS ENRICHED WITH
10% EXTRA VIRGIN OLIVE OIL*

**NET 1 GAL. (128 FL. OZ.) 3.78 LITERS**

